IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 05-cv-01761-WDM

KATHERINE ZAMORA,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**ORDER ON MOTION FOR ATTORNEYS' FEES**

Miller, J.

This matter is before me on Plaintiff's Petition for Fees Under 28 U.S.C. § 2412 (Docket No. 24). Defendant Commissioner of Social Security opposes the motion. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion will be granted.

Background

Plaintiff appealed the denial of her application for disability insurance benefits by Defendant Commissioner of Social Security. I entered an order on September 26, 2006 (Docket No. 14) reversing and remanding the Commissioner's decision based on my conclusion that the determination of the administrative law judge ("ALJ") was not supported by substantial evidence and was not based on correct legal standards. Specifically, I concluded that the ALJ erred by relying on the Medical Vocational grids (20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1) without considering whether Plaintiff fell within a

borderline situation, erred in finding Plaintiff's residual functional capacity by failing to consider Plaintiff's fibromyalgia and obesity and knee problems, improperly disregarded the opinion of Plaintiff's treating physician, and needed to clarify the testimony of a Vocational Expert regarding the number of jobs available to Plaintiff in Colorado given her limitations. The Commissioner did not appeal my decision and it is therefore final.

Plaintiff now seeks attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 for fees incurred in appealing the case to this court as well as time spent on litigating the EAJA petition itself.  Plaintiff seeks a total of $ 8,136.19 in attorneys' fees.[1]

## Standard of Review

The EAJA provides that a court may award reasonable attorneys' fees "to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity."  28 U.S.C. § 2412(b).  A petition for such fees must be submitted within thirty days of final judgment and must show "that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness . . . stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified."  28 U.S.C. § 2412(d)(1)(B).  "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record

---

[1] Plaintiff requests payment at an hourly rate of $155.18 for work performed in 2004, $158.95 for work performed in 2005 and $165.70 for work performed in 2006. This is consistent with the statutory rate for attorneys' fees under the EAJA, as adjusted by the consumer price index.

(including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." *Id*. The Commissioner has the burden of proof to show that his position was substantially justified. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id*. Thus, the government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's "position can be justified even though it is not correct." *Id*. at 566 n. 2. EAJA fees may be awarded where the ALJ's underlying action was unreasonable even if the government thereafter advanced a reasonable litigation position. *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007).

## Discussion

Plaintiff presents a timely petition under the EAJA. She argues that she is the prevailing party, is eligible for fees under the EAJA, and that the Commissioner's position in this case was not substantially justified. The petition is supported by an itemized listing of hours and tasks and by an affidavit from Plaintiff's attorney.

The Commissioner therefore has the burden of demonstrating that his position was substantially justified. The Commissioner argues that his position was substantially justified because the ALJ's assessment of Plaintiff's credibility and RFC was based on objective medical findings, as well as nonmedical evidence. The Commissioner points to the following evidence in particular: a July 2003 physical examination, a March 2004 examination showing that Plaintiff had full active range of motion and little tenderness or swelling in joints, an April 2004 radiographic imaging showing well aligned vertabrae, an

3

April 2003 examination showing mild swelling of fingers and full range of motion in all fingers, a finding by a state agency physician [who reviewed the medical evidence but did not examine Plaintiff] that Plaintiff could perform light work, Plaintiff's ability to engage in various household activities, and Plaintiff's medical retirement and inability to perform her last job. The government also asserts that the ALJ reasonably assessed the evidence from Dr. Mark Frank, a workers' compensation physician who placed limitations on Plaintiff, as being too dated to be relevant. However, as I noted in my order, the ALJ did not consider that Dr. Frank renewed the restrictions in 2003. The Commissioner further contends that the ALJ was substantially justified in finding that Plaintiff could perform other work since the vocational expert testified that a person similarly situated to Plaintiff in age, education, work history, and residual functional capacity could perform several different types of light jobs. Again, however, as I noted in my order, the VE's testimony regarding the number of full-time jobs, rather than part-time, was unclear and the resulting number of jobs uncertain and that the ALJ erred by relying on the grids without considering Plaintiff's borderline age. Finally, the Commissioner challenges the number of hours sought by Plaintiff as attorneys' fees, particularly time spent representing Plaintiff at the administrative level, which is not recoverable under the EAJA. Plaintiff concedes as much and revises her request accordingly in her reply brief.

     I conclude that the ALJ's determination and the Commissioner's arguments on appeal in this court were not substantially justified. It was clear legal error for the ALJ to apply the grids without considering Plaintiff's borderline age and to disregard evidence from Plaintiff's treating physician without applying long-established proper legal steps, *see Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Similarly, the ALJ's

determination was not reasonable in fact. The ALJ's residual functional capacity finding implied that Plaintiff could perform a job requiring significant standing and walking, despite medical evidence showing "moderate-to-severe osteoarthritic degenerative changes" in her left knee, the limitations imposed by Plaintiff's workers' compensation physician on standing and walking, and the medical and nonmedical evidence of Plaintiff's fibromyalgia and obesity. The ALJ's rejection of Dr. Frank's evidence as too dated was unreasonable as the restrictions had recently been renewed. I also agree with Plaintiff that the ALJ misstated the record in finding that there were a significant number of jobs in the economy that the Plaintiff could perform. The Commissioner's position in this appeal was also not substantially justified. As I noted in my order, the Commissioner often responded to Plaintiff's specific points of error with only general references to the ALJ's boilerplate statement that the record had been considered in its entirety.

I have reviewed the affidavit and calculation of fees sought and conclude that the rate[2] and number of hours expended in this litigation are reasonable.

Accordingly, it is ordered:

1. Plaintiff's Petition for Fees Under 28 U.S.C. § 2412 (Docket No. 24) is granted.

---

[2] I note that the Commissioner does not contest the hourly rate set forth by Plaintiff's attorney, only the number of hours listed.

5

2. Plaintiff is awarded $ 8,136.19 in attorneys' fees.

DATED at Denver, Colorado, on December 1, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge